**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

**Hearing Date: August 8, 2023 at 10:00 a.m**
**Objection Deadline: August 1, 2023**

---------------------------------------------------------------x

In re:

Joseph Lawrence Forte,
aka Joseph Lawrence Forte,

Debtor.

---------------------------------------------------------------x

Chapter 7
Case No. 23-41909 (JMM)

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that a hearing before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201-1800 shall be held on **August 8, 2023 at 10:00 a.m.** on the motion (the "Motion") filed by William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), seeking the entry of an order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, authorizing the issuance of a subpoena duces tecum compelling Lauren Taliento to appear for an examination pursuant to a subpoena, and to answer any and all questions relating to (a) the services Lauren Taliento rendered in this case for the Debtor Joseph Lawrence Forte aka Joseph Lawrence Forte (the "Debtor"), and (b) Lauren Taliento's familiarity, if any, with the assets of the Debtor's estate.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be in writing and filed with the Bankruptcy Court by August 1, 2023 (the "Objection Deadline") through the Court's electronic filing system. Instructions for electronically filing an objection can be found at www.nyeb.uscourts.gov. A copy of the objection must also be mailed, so as to be received by the Objection Deadline, to the United States Trustee, at the Office of the United States Trustee – EDNY, Alexander Hamilton Custom House, One Bowling Green, Room 510, New York, New York 10004, to the attention of Rachel Wolf, Esq.

**PLEASE TAKE FURTHER NOTICE** that the hearing shall be conducted by telephone, video or in person, as the Court deems appropriate. Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/node/2126. If you do not have internet access or are otherwise unable to register with eCourt Appearances, you may call or email Judge Mazer-Marino's courtroom deputy for instructions at (347) 394-1844, JMM_Hearings@nyeb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion may be adjourned without notice other than an announcement in open Court.

Dated: New York, New York
June 14, 2023

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

*By:* ***/s/ Rachel Wolf***
Rachel Wolf, Esq.
Trial Attorney
Alexander Hamilton Custom House
One Bowling Green, Room 510
New York, New York 10004
Tel. No. (212) 206-2580
Rachel.Wolf@usdoj.gov

| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | | **Hearing Date: August 8, 2023**<br>**Hearing Time: 10:00 a.m.** |
| In re:<br><br>Joseph Lawrence Forte,<br>aka Joseph Lawrence Forte,<br><br><br>Debtor. | :<br>:<br>:<br>:<br>:<br>:<br>: | Chapter 7<br>Case No. 23-41909 (JMM) |

**MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER DIRECTING THE EXAMINATION OF LAUREN TALIENTO PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

TO: THE HONORABLE JIL MAZER-MARINO,
UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), by and through his undersigned counsel, submits this motion (the "Motion") for an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, authorizing the issuance of a *subpoena duces tecum* compelling Lauren Taliento ("Taliento") to appear for an examination under oath, and to answer any and all questions relating to (a) the services Taliento rendered in this case for debtor Joseph Lawrence Forte aka Joseph Lawrence Forte (the "Debtor") and (b) Taliento's familiarity, if any, with the assets of the Debtor's estate.

## I. JURISDICTION

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 105(a) of Title 11 of the United States Code, and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules.")

## II. INTRODUCTION

There is cause to grant this Motion for a Bankruptcy Rule 2004 Examination of Taliento, the "filer" of the Debtor's bankruptcy petition in this chapter 7 case. The United States Trustee seeks to examine Taliento to 1) ascertain whether Taliento's conduct is compliant with Section 110 of the Bankruptcy Code, 2) verify the Debtor's pre-petition transactions with Taliento, and 3) determine Taliento's familiarity, if any, with the Debtor's assets and liabilities. Therefore, the questions the United States Trustee seeks answers to is within the parameters of Bankruptcy Rule 2004.

## III. BACKGROUND

### A. Case Filing.

1. The Debtor commenced this case by filing *pro se* a voluntary petition (the "Petition") under chapter 7 of the Bankruptcy Code on May 31, 2023 (the "Petition Date"). See ECF Doc. No. 1.

2. Lori Lapin Jones, Esq. (the "Chapter 7 Trustee") was appointed as the chapter 7 trustee of the Debtor's estate. See Docket.

3. The Initial Meeting of Creditors pursuant to 11 U.S.C. § 341(a) (the "Meeting of Creditors") is scheduled for July 7, 2023 at 9:30 A.M. See Docket.

### B. Bankruptcy Petition Preparer / Filer.

4. With the Petition, the Debtor included an Affirmation of Filer, which indicated that Lauren Taliento purportedly filed the Debtor's bankruptcy petition, but did not specify the type of assistance or services provided to the Debtor (the "Affirmation of Filer"). ECF No. 1, Declaration. The Affirmation of Filer further indicated that Lauren Taliento did not receive money for services. Id.

5. The Debtor also included the Declaration of Pro Se Debtor, indicating that Lauren Taliento purportedly provided assistance with preparation of/ filing the Debtor's Petition and Schedules. Id., Declaration of Pro Se Debtor.

6. Neither the Debtor nor Lauren Taliento filed any other paperwork concerning the Debtor's bankruptcy petition. See Docket.

**C. Deficiencies in the Debtor's Case.**

7. On May 31, 2023, the Clerk's Office issued a notice of deficient Chapter 7 filing. ECF No. 4. On the same day the Clerk's Office also issed a deficiency notice concerning the Debtor's failure to provide proper photo identification. ECF No. 5.

**D. Other Cases Involving Lauren Taliento**

8. Upon information and belief, Lauren Taliento may have assisted other debtors in the Eastern District of New York in the following cases:

| Debtor | Chapter | Case No. | Petition Date | Case Disposition |
|---|---|---|---|---|
| James Taliento, Jr. | 7 | 23-41020 (ESS) | 3/24/2023 | Open |
| Bianca Danielle Malacara Tellez | 7 | 23-41618 (JMM) | 5/9/2023 | Open |
| Anthony Rago | 13 | 23-41251 (ESS) | 4/12/2023 | Open |
| Maria D'Anna Taccetta | 13 | 23-41333 (JMM) | 4/19/2023 | Open |
| Angel Pazmino | 7 | 23-41660 (NHL) | 5/11/2023 | Open |
| John J Brosnan J | 7 | 23-41522 (JMM) | 5/2/2023 | Open |
| Curt Lawrence Wiener | 7 | 23-41663 (JMM) | 5/12/2023 | Open |
| Melissa A. Comito | 7 | 23-41718 (ESS) | 5/17/2023 | Open |

| | | | | |
|---|---|---|---|---|
| Vienna Louise La Lima | 7 | 23-41667 (JMM) | 5/12/2023 | Open |

9. In Case Nos. 23-41020 (ESS), 23-41251 (ESS), 23-41660 (NHL), 23-41663 (JMM), 23-41667 (JMM), 23-41618 (NHL) and 23-41718 (ESS), the email address included on the debtors' petitions is taleintolauren@gmail.com.

10. In, case no. 23-41522 (JMM), 23-41663 (JMM), Case No. 23, 41667 (JMM), and in this case, Lauren Taliento purportedly assisted the debtor and received $0.00 from the Debtor.

11. Upon information and belief, in Case Nos. 23-41020 (ESS), 23-41333 (JMM), 23-41618 (JMM), the phone number listed on the Petition belongs to that of Lauren Taliento.

12. Upon information and belief, Taliento has not filed Forms 119 and 2800 disclosing her identity, compensation and role in the Debtor's and other debtors' bankruptcy cases.

## IV. ARGUMENT

### A. There is a Basis to File this Motion for a Rule 2004 Examination.

Fed. R. Bankr. P. 2004(a) provides that upon the motion of a party in interest, the court may order the examination of an entity regarding the acts, conduct, property, liabilities or financial condition of the debtor or any matter that may affect the administration of the estate of the debtor. Courts that have analyzed Bankruptcy Rule 2004 have recognized the right of parties in interest to conduct Bankruptcy Rule 2004 examinations and have held that the permitted scope of that examination is extremely broad. See In re Texaco, Inc., 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987) (citing In re Johns-Manville Corp., 42 B.R. 362 (S.D.N.Y. 1984)). Bankruptcy Rule 2004 further permits the Court to order the production of documentary evidence relating to the property and financial condition of debtors, or to any matter that may affect the administration of a debtor's estate. See Fed. R. Bankr. P. 2004(c).

"Good cause" is the standard employed to determine if the Court should grant a motion for an examination under Fed. R. Bankr. P. 2004. "Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests." Hammond, 140 B.R. at 201. To obtain authority to conduct an examination, the movant must show "some reasonable basis to examine the material . . . [and] that the requested documents are necessary to establish the movant's claim or that denial of production would cause undue hardship or injustice." In re Wilcher, 56 B.R. 428, 434-35 (Bankr.N.D.Ill.1985). "[H]owever, the burden of showing good cause is an affirmative one and is not satisfied merely by a showing that justice would not be impeded by production of the requested documents." Wilcher, 56 B.R. at 434-35. "Furthermore, if the cost and disruption to the examinee attendant to a requested examination outweigh the benefits to the examiner, the request should be denied." See Express One, 217 B.R. at 217.

**B. The Instant Bankruptcy Case Warrants a 2004 Examination of Lauren Taliento.**

The United States Trustee seeks to examine Lauren Taliento, based upon the Pro Se Declaration and Affirmation of Filer, because Taliento may have pertinent information to further the United States Trustee's investigation of the administration of the Debtor's estate in the current case, as well as the other debtor petitions listed herein. "The examination of witnesses having knowledge of the debtor's acts, conduct, liabilities, assets, etc. is therefore proper." See Keene Corp v. Johns-Manville Corp., 42 B.R. 362, 362 (S.D.N.Y. 1984).

Furthermore, consistent with the United States Trustee's authority under 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(5), Taliento has purportedly assisted the Debtor in filing this case and other debtor petitions. The United States Trustee wants to examine Taliento to determine: (i) whether the Debtor made any payments to Taliento; (ii) whether Taliento acted as a bankruptcy petition preparer within the meaning of Section 110 of the Bankruptcy Code; and, (iii) whether

Taliento's actions were in compliance with Section 110 of the Bankruptcy Code and Rule 2016(c) of the Federal Rules of Bankruptcy Procedure. See In re Countrywide Home Loans, Inc., 384 B.R. 373, 384 (Bankr. W.D. Pa. 2008) (holding that the United States Trustee has the statutory authority under section 307 of the Bankruptcy Code to conduct 2004 examinations); see also 11 U.S.C. § 110(a)(1) (defining a "bankruptcy petition preparer" as a non-attorney who "prepares for compensation a document for filing"); Fed. R. Bankr. P. 2016(c) (requiring bankruptcy petition preparers to submit certain disclosures regarding their compensation). To the extent any violations of Section 110 are found, the United States Trustee has standing to file motions seeking the imposition of fines under Section 110 for any violations. See 11 U.S.C. § 110(l)(3). See also 11 U.S.C. § 110(h)(4) (conferring standing to move for fines regarding violations of Section 110(h)(2)).

The examination sought by the United States Trustee relates solely: (a) to ensure Taliento's compliance with Section 110 of the Bankruptcy Code; (b) to verify the Debtor's pre-petition transactions with Taliento; and (c) to determine Taliento's familiarity, if any, with the Debtor's assets and liabilities and, is, therefore, within the parameters of Bankruptcy Rule 2004. See In re Corso, 328 B.R. 375, 383 (E.D.N.Y. 2005) (holding that "scope of [Bankruptcy Rule 2004] examination is broader than discovery permitted under the Federal Rules of Civil Procedure"); see also In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991) (holding that the "object of the [Bankruptcy Rule 2004] examination of the bankrupt and other witnesses is to show the condition of the estate and to enable the Court to discover its extent and whereabouts"); *cf* In re Isis Foods, Inc., 33 B.R. 45 (Bankr. W.D. Mo. 1983) (establishing that under the discovery powers provided to trustees in bankruptcy, the trustee is granted a virtually unfettered right to inquire into all transactions which relate to the debtor).

Consequently, "good cause" exists for the Court to issue an order directing Taliento to appear for an examination under Federal Rule of Bankruptcy Procedure 2004. The United States Trustee requests that the Court enter an order authorizing the United States Trustee to conduct an oral examination of Taliento under oath, pursuant to Bankruptcy Rule 2004, to be scheduled pursuant to a subpoena to be served upon Lauren Taliento. If the Court grants this Motion, the United States Trustee requests that the United States Trustee be authorized to issue a subpoena substantially in the form annexed hereto as Exhibit A.

## V. CONCLUSION

WHEREFORE, the United States Trustee requests entry of an order: (a) pursuant to Bankruptcy Rule 2004, authorizing the issuance of a *subpoena duces tecum* compelling Taliento to appear for an examination, and to answer any and all questions relating to (i) the services Taliento rendered to the Debtor, and (ii) Taliento's familiarity, if any, with the assets of the Debtor's estate, and (b) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 14, 2023

Respectfully Submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ Rachel Wolf*
Rachel Wolf, Esq.
Trial Attorney
Alexander Hamilton Customs House
One Bowling Green, Room 510
New York, New York 10004
Tel. No. (212) 206-2580
Rachel.Wolf@usdoj.gov

# United States Bankruptcy Court

**EASTERN DISTRICT OF NEW YORK**

In re
**Joseph Lawrence Forte**
**aka Joseph Lawrence Forte**,

Debtor.

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No. 23-41909 (JMM)

To Lauren Taliento
1885 Hyland Blvd,
Staten Island, New York 10305

Chapter 7

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
| --- | --- |
| | DATE AND TIME |

x YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case on the subject matter of the United States Trustee's application for a Bankruptcy Rule 2004 examination dated December 14, 2022

| PLACE | DATE AND TIME |
| --- | --- |
| Video Conference or Telephonic Conference | TBD |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any subpoenaed organization not a party to this proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER AND TITLE | DATE |
| --- | --- |

ISSUING OFFICER AND ADDRESS AND PHONE NUMBER
Rachel Wolf, Trial Attorney
Office of the United States Trustee - EDNY
Alexander Hamilton Custom House
One Bowling Green, Room 510
New York, New York 10004
(212) 206-2580

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45 Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016 Fed. R. Bankr. P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.