UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

**HEARING DATE: December 7, 2023**
**HEARING TIME: 10:00 a.m.**

------------------------------------------------------x

JOSEPH LAWRENCE FORTE
aka Joseph Lawrence Forte,

Debtor.

------------------------------------------------------x

Case No. 23-41909 (JMM)
(Chapter 7)

**MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER COMPELLING LAUREN TALIENTO TO APPEAR AT AN ADJOURNED EXAMINATION PURSUANT TO <u>RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

TO: THE HONORABLE JIL MAZER-MARINO,
UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), by and through his counsel, hereby moves this Court for an order (a) compelling Lauren Taliento ("Taliento") to appear for an adjourned examination (the "Adjourned Examination") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), on January 8, 2024 at 10:00 a.m. (the "Adjourned Examination Date") and (b) imposing sanctions against Lauren Taliento should she fail to appear. In support of this motion (the "Motion"), the United States Trustee represents and alleges as follows:

## <u>INTRODUCTION</u>

In this case, the United States Trustee is investigating Lauren Taliento's role in the Debtor's recent bankruptcy case filing. Taliento affirmed that she assisted in preparing the Petition and/or assisted with the paperwork in connection with filing the Debtor's instant bankruptcy case.

On August 24, 2023, the Court entered an order granting the United States Trustee's motion pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") to allow the United States Trustee to examine Taliento under oath in the case of In re: Bianca Molarca Tellez, Case No. 233-41618 (JMM) (ECF No. 27); In re: Vienna La Lima, Case No. 23- 41667 (JMM) (ECF No. 27); and In re: Joseph Lawrence Forte, Case No. 41909 (JMM) (ECF No.33). On August 25, the Court entered an order granting the United States Trustee's motion pursuant to Rule 2004 to allow the United States Trustee to examine Taliento under oath in the case of In re: Curt Lawrence Weiner, Case No. 23-41663 (JMM) (ECF No. 28). On September 1, 2023, the Court entered an order granting the United States Trustee's motion pursuant to Rule 2004 to allow the United States Trustee to examine Taliento under oath in the case of In re: Maria Taccetta, Case No. 23-41333 (JMM) (ECF No. 28). The United States Trustee served subpoenas upon Taliento at 1885 Hyland Blvd., Staten Island, New York 10305 by overnight mail. The United States Trustee scheduled the examination for September 28, 2023 at 1:00 p.m. (the "Examination"). Taliento failed to appear at the examination. The United States Trustee, therefore, now seeks an order (a) compelling Taliento's appearance at an Adjourned Examination and (b) imposing sanctions against Taliento should she fail to appear.

## BACKGROUND

### A. Procedural Background

1. The Debtor commenced his case by filing a voluntary petition *pro se* under chapter 7 of the Bankruptcy Code (the "Petition"). ECF No. 1.

2. The Debtor failed to file schedules in his case. See Docket.

3. Upon information and belief, Taliento allegedly assisted the Debtor in filing his bankruptcy petition.

4. Upon information and belief, Taliento has not filed Forms 119 and 2800 disclosing her identity, compensation and role in the Debtor's bankruptcy case.

5. In this case, the Petition includes a document whereby Taliento affirms that she assisted in preparing the Petition and/or with the paperwork in connection with the bankruptcy filing.

**B. U.S. Trustee's Bankruptcy Rule 2004 Motion and Examination**

6. On August 24, 2023, the Court entered an order granting the U.S. Trustee's motion pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to allow the United States Trustee to examine Taliento under oath in the case of In re: Bianca Molarca Tellez, Case No. 23-41618 (JMM) (ECF No. 27); In re: Vienna La Lima, Case No. 23-41667 (JMM) (ECF No. 27); and In re: Joseph Lawrence Forte, Case No. 23-41909 (JMM) (ECF No. 33). On August 25, 2023, the Court entered an order granting the U.S. Trustee's motion pursuant to Rule 2004 to allow the U.S. Trustee to examine Taliento under oath in the case of In re: Curt Lawrence Weiner, Case No. 23-41663 (JMM) (ECF No. 28). On September 1, 2023, the Court entered an order granting the United States Trustee's motion pursuant to Rule 2004 to allow the United States Trustee to examine Taliento under oath in the case of In re: Maria Taccetta, Case No. 23-41333 (JMM) (ECF No. 28) (altogether, the "Rule 2004 Orders"). The U.S. Trustee served a copy of the Rule 2004 Orders and the Subpoenas upon Taliento at 1885 Hyland Blvd, Staten Island, New York 10305 by overnight mail. See Declaration of Rachel Wolf in Support of the Motion (the "Wolf Declaration"), ¶ 2.

7. The U.S. Trustee held the Rule 2004 Exam for September 28, 2023 at 1:00 p.m. and Taliento failed to appear for the Examination. Id., ¶ 3.

8. Taliento has not contacted the United States Trustee to request an adjournment or a rescheduling of the Examination Date. Id., ¶ 4.

## ARGUMENT

### A. The Court Properly Directed That Taliento Appear for a Rule 2004 Examination.

Fed. R. Bankr. P. 2004(a) provides that upon the motion of a party in interest, the Court may order the examination of an entity regarding the acts, conduct, property, liabilities or financial condition of the debtor or any matter that may affect the administration of the estate of the debtor. Courts that have analyzed Bankruptcy Rule 2004 have recognized the right of parties in interest to conduct Bankruptcy Rule 2004 examinations and have held that the permitted scope of that examination is extremely broad. In re Texaco, Inc., 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987). Bankruptcy Rule 2004 further permits the Court to order the production of documentary evidence relating to the property and financial condition of debtors, or to any matter that may affect the administration of a debtor's estate. Fed. R. Bankr. P. 2004(c).

"Good cause" is the standard employed to determine if the Court should grant a motion for an examination under Fed. R. Bankr. P. 2004. To obtain authority to conduct an examination, the movant must show "some reasonable basis to examine the material . . . [and] that the requested documents are necessary to establish the movant's claim or that denial of production would cause undue hardship or injustice." In re Grabill Corp., 109 B.R. 329, 334 (N.D. Ill. 1989). "[H]owever, the burden of showing good cause is an affirmative one and is not satisfied merely by a showing that justice would not be impeded by production of the requested documents." In re Wilcher, 56 B.R. 428, 434-35 (Bankr. N.D. Ill. 1985). "Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests." In re Hammond, 140 B.R. 197, 201 (S.D. Ohio 1992).

The U.S. Trustee has a reasonable basis to examine Taliento. The Court found good cause to examine Taliento to determine information regarding 1) the filing of the five bankruptcy cases before Your Honor, and 2) Taliento's familiarity, if any, with the assets of the Debtors estates. See the Rule 2004 Orders. Therefore, the Court properly granted the U.S. Trustee's Motions for a Rule 2004 Examination.

**B. Taliento Should be Compelled to Appear at the Adjourned Examination.**

The U.S. Trustee now seeks an order compelling Taliento to appear at an Adjourned Examination. The United States Trustee still has good cause to conduct a Rule 2004 Examination of Taliento. In three of the five cases before Your Honor, Taliento affirmed that she assisted in the preparation of the Debtors' Petitions and other related documents for filing. See Case Nos. 23-41909 (JMM), 23-41667 (JMM), and 23-41663 (JMM), ECF No. 1, Petition. The U.S. Trustee would like to examine Taliento in connection with information regarding the filing of these bankruptcy cases pending before Your Honor. Accordingly, the Court should enter an Order compelling Taliento's attendance at an Adjourned Examination.

**C. Taliento Should Be Sanctioned if She Fails to Appear at the Adjourned Examination.**

Sanctions may be authorized by any of a number of rules or statutory provisions or may be permissible on the basis of the court's inherent power. Sakon v. Andreo, 119 F.3d 109, 114 (2d Cir.1997). "Because the various sources of the court's authority are governed by differing standards, ... it is imperative that in any sanctions order the court explain its specific basis 'with care, specificity, and attention to the sources of its power.'" Id. Before imposing sanctions, a bankruptcy court must ensure that the respondent's due process rights to notice and an opportunity to be heard are preserved. In re 60 E. 80th St. Equities, 218 F.3d 109, 117 (2d Cir.

2000). The respondent has the minimum right to receive notice of (1) the source of authority for the potential sanctions, and (2) the specific act or omission that may lead to sanctions. Id. The opportunity to respond is assessed under a reasonableness standard, where a response by brief or oral argument is sufficient, and a full evidentiary hearing is not required. Id.

In imposing sanctions pursuant to Section 105(a), courts have required a showing of bad faith like that required in imposing sanctions under the court's inherent power. Grand St. Realty, LLC v. McCord, No. 04-CV-4738, 2005 U.S. Dist. LEXIS 45314, at *13-16 (E.D.N.Y. Sept. 30, 2005) (discussing that various circuits have authorized bankruptcy courts to sanction pursuant to Section 105(a)).

Bankruptcy Code Section 105(a) provides that:

> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). Section 105 of the Code is a simple statutory provision designed to give bankruptcy courts the necessary tools to "prevent" abuse by participants in the bankruptcy system. Bessette v. Avco Fin. Serv., Inc., 230 F.3d 439,444-45 (1st Cir. 2000). Its application is governed by the text. In re Eagle-Picher Indus., Inc., 285 F.3d 522, 529 (6th Cir. 2002). First, a bankruptcy court must determine that it should act to prevent an abuse of process. Id. Once it has made that determination, the court must craft an order that is reasonably calculated to prevent that abuse. Jove Engineering Inc. v. IRS, 92 F.3d 1539, 1554 (11th Cir. 1996) (plain meaning of Section 105 encompasses any order whether injunctive, compensatory, or punitive, if necessary to carry out provisions of the Bankruptcy Code). Congress did not require that courts engage in

special analysis or balancing tests to determine if the application of 105 powers would be appropriate. See 132 Cong. Rec. 28, 610 (1986) (statement of Sen. Hatch) (section 105(a) "allows a bankruptcy court to take any action on its own, or to make any necessary determination to prevent an abuse of process and to help expedite a case in a proper and justified manner").

The bankruptcy court's sanctioning authority also arises from the inherent authority of all federal courts to punish bad faith conduct. See In re Cedar Tide Corp., 164 B.R. 808 (E.D.N.Y. 1994) (affirming bankruptcy judge's decision to impose sanctions under court's inherent powers). The existence of a non-statutory, inherent source of sanctioning power has been settled law since the Supreme Court's decision in *Chambers v. NASCO, Inc.*, which upheld the power of a district court to sanction bad faith conduct even where the conduct could not be sanctioned under the Federal Rules. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). Bankruptcy courts, like district courts, have inherent authority to sanction parties for improper conduct. See In re FairPoint Commc'ns, Inc., 445 B.R. 271, 276 (Bankr. S.D.N.Y. 2011) (sanctions may be imposed through the inherent power of the court); see also In re Plumeri, 2010 WL 3087685, at *2 (Bankr. S.D.N.Y. Mar. 25, 2010) ("Bankruptcy Courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct.") (quotation omitted). A court possesses wide discretion when imposing these sanctions. Reilly v. Natwest Mkts. Group, Inc., 181 F.3d 253, 267 (2d Cir. 1999).

Appellate courts regularly affirm sanctions orders pursuant to the Court's inherent powers in proceedings initiated by parties, including the United States Trustee, where the sanctions are payable to the clerk of the court or the United States Trustee. See, e.g., Methode Elecs., Inc. v. Adam Techs., Inc., 371 F.3d 923, 928 (7th Cir. 2004) (holding that district court was "well within its authority" when it ordered a non-compensatory fine, payable to the clerk of

the court, upon the motion of opposing party); see also Hale v. United States Trustee, 509 F.3d 1139, 1144 (9th Cir. 2007) (affirming sanction of disgorgement and monetary penalty payable to the United States Trustee in a proceeding initiated by United States Trustee). The District Court in this District has affirmed a bankruptcy court order, albeit in a Rule 9011 context, directing that a sanction be paid to the Clerk of the Court. Levey v. Kesser Cleaners Corp., 2007 WL 2177048, at *4 (E.D.N.Y., July 27, 2007).

Because Taliento failed to comply with the Rule 2004 Order, which was duly served on her, and failed to appear on the Examination Date. In order to ensure Taliento's attendance at the Adjourned Examination, the Court should exercise its inherent authority, as well as its authority under section 105(a), to sanction her if she fails to appear for the Adjourned Examination to be conducted telephonically on January 8, 2023 at 10:00 a.m. Taliento has ignored a Court Order, and the threat of sanctions may be the only way to ensure her compliance with future orders.

## CONCLUSION

WHEREFORE, the United States Trustee requests that the Court enter an order (a) directing Taliento to appear for the Adjourned Examination to be held telephonically on January 8, 2024, at 10:00 a.m., (b) imposing sanctions upon Taliento should she fail to appear, and (c) granting such other relief as is just and proper.

Dated: New York, New York
November 10, 2023

Respectfully Submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ Rachel Wolf*
Rachel Wolf, Esq.
Trial Attorney
Office of the United States Trustee
Eastern District of New York
One Bowling Green, Room 510
New York, New York 10004-1408
Tel. No. (202) 834-3003
Rachel.Wolf@usdoj.gov